NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 1, 2012
Decided February 2, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-1616

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 09-20053-001 |
| RASHAN JONES, *Defendant-Appellant*. | Michael P. McCuskey, *Chief Judge.* |

**O R D E R**

After a confidential informant observed crack cocaine inside Rashan Jones's residence, agents from a drug task force obtained a warrant to search his home. They stopped Jones in his car and informed him of the warrant, and he accompanied them to his home and his stash of 42.5 grams of crack cocaine and 26.2 grams of powder cocaine. Jones was arrested and charged with possessing with intent to distribute more than five grams of crack cocaine, 21 U.S.C. § 841(a)(1), and the government filed a recidivism enhancement, which raised the minimum prison term to ten years, *see id.* §§ 841(b)(1)(B)(iii), 851 (2006). Jones pleaded guilty, and the district court sentenced him to ten years in prison, noting that the court was restrained by the statutory minimum. Jones filed a notice of appeal, but his appointed counsel moves to withdraw on the ground that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Jones has not opposed counsel's motion. *See* CIR. R. 51(b).

Confining our review to the potential arguments developed in counsel's facially adequate brief, *see United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002), we grant the motion to withdraw and dismiss the appeal.

Because Jones does not want his guilty plea set aside, counsel correctly forgoes discussion of challenges to the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel does consider whether Jones could argue that he is entitled to a reduced sentence under the Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2372. We have held that the FSA does not apply to Jones because the statute is not retroactive. *United States v. Dorsey*, 635 F.3d 336, 340 (7th Cir. 2011), *cert. granted*, 132 S. Ct. 759 (2011); *see also United States v. Campbell*, 659 F.3d 607, 609–10 (7th Cir. 2011); *United States v. Holcomb*, 657 F.3d 445, 452 (7th Cir. 2011). The grant of certiorari shows that the issue in the abstract might be the subject of a legitimate claim on appeal. But the more fundamental problem here, as counsel correctly concludes, is that even if the FSA applied to Jones, he would not be better off. Because he possessed more than 28 grams of crack cocaine, he still would have been bound by the statutory minimum of 10 years in prison, *see* 21 U.S.C. § 841(b)(1)(B)(iii) (2006 & Supp. IV 2010).

We GRANT counsel's motion to withdraw and DISMISS Jones's appeal.